■ ISIDORE LIPSCHUTZ et al., Doing Business as LIPSCHUTZ & GUTWIRTH Co., Appellants, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent. — Order entered on December 4, 1963, denying plaintiffs' motion for leave to amend the complaint unanimously affirmed, without costs. The matter sought to be pleaded in the amended complaint asserts no new facts and is merely a conclusory allegation, claimed to flow from the facts already pleaded in paragraphs twelfth and fourteenth of the original complaint. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.

■ In the Matter of KYRA COIO, Respondent, v. STANLEY RICHTER, Appellant.— Order, entered on or about August 8, 1963, unanimously modified so as to reduce the allowance of counsel fee to the sum of $350 and as so modified, affirmed, without costs. On the facts as revealed by the record it is clear that the award made was excessive and not warranted. Settle order providing for date or dates of payment. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.

■ RICHARD W. BARON, Appellant, v. PAMELA S. BARON, Respondent.— Order, entered October 15, 1963, granting defendant's motion to dismiss the complaint on the ground that it does not sufficiently state a cause of action unanimously affirmed, with $20 costs and disbursements to defendant-respondent. The determination is, of course, without prejudice to plaintiff pleading in any other action, if he can, a proper cause of action which alleges ultimate facts that the Mexican judgment and the separation agreement were invalid, by reason of duress or otherwise. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

## (March 17, 1964)

■ JOHN FOLEY et al., as Executors of PASQUALE D'AGOSTINO, Deceased, Appellants, v. NICHOLAS D'AGOSTINO et al., Respondents, et al., Defendants.— Order, entered November 1, 1963, denying plaintiffs' motion for temporary injunction and appointment of receiver, unanimously affirmed, on the law and the facts and in the exercise of discretion, without costs. Plaintiffs have failed to make a sufficient factual showing of urgent necessity and imminent and irreparable substantial damage to justify the drastic relief sought. The plaintiffs' remedy here is to press for an early trial. (See 10 Carmody-Wait, New York Practice, Injunctions, pp. 516–559; 28 N. Y. Jur., Injunctions, pp. 314–332.) See, also, opinion of this court [21 A D 2d 60] on appeal from order dismissing plaintiffs' complaint.) Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.